CARTER *v*. WASSON.

4-3574

Opinion delivered November 12, 1934.

*E. L. Carter,* for appellants.
*George R. Steel,* for appellee.

HUMPHREYS, J. Appellants became the owners of a note and mortgage executed by W. H. Ferguson and wife to the Conservative Loan Company on January 25, 1931, and maturing on October 1, 1931. The land described in the mortgage as security for the debt is as follows:

Southwest quarter of the southwest quarter of section 35, township 8 south, range 28 west; the northwest quarter of the northeast quarter of section 2, township 9 south, range 28 west, situated in Howard County, Arkansas.

Appellant E. L. Carter, in his capacity as trustee, became the holder of a note and second mortgage executed by W. H. Ferguson and wife upon the same real estate.

Subsequently, W. H. Ferguson and wife executed a third mortgage upon the same lands to the Planters' Bank & Trust Company to secure an indebtedness of $800 to it.

On July 19, 1933, the Planters' Bank & Trust Company purchased a deed to the southwest quarter, southwest quarter, section 35, township 8 south, range 28 west, 40 acres, and the fractional northwest quarter, section 2, township 9 south, range 28 west, 145.01 acres, in Howard County, Arkansas, which had been forfeited for the nonpayment of taxes for the year 1930, said lands being a part of those described in the mortgage.

Appellants brought suit on July 19, 1933, in the chancery court of Howard County to foreclose the first and second mortgages and to obtain judgment for the amounts due on the indebtedness which each mortgage secured and made the State Bank Commissioner in charge of the Planters' Bank & Trust Company a party to the suit, alleging that his interest was inferior to the mortgages held by the appellants. They alleged that the tax sale under which the State acquired title to a part of the lands described in the first and second mortgages was void.

The notes and mortgages were introduced, together with proof of the amount due upon each note. The records of the delinquent list of lands in the clerk's office as advertised for sale were introduced in evidence without objection and are as follows:

| Owner's Name | Part of Section | Sec. | Twp. | Range | No. Acres | Total Tax |
|---|---|---|---|---|---|---|
| John Lipscomb | SE SE | 35 | 8 | 28 | 40 | $ 7.51 |
| Nesbitt & Pate | N½ SE | | | | 77 | 12.73 |
| W. H. Ferguson | E½ SW | | | | 80 | 16.65 |
| Do | SW SW | | | | 40 | 7.51 |
| B. R. Nesbitt | Pt. SW NE | | | | 9 | 2.65 |
| J. T. Collier | Pt. NE NE | | | | 8 | 8.25 |
| C. C. Boyd | Pt. NW NW | 36 | 8 | 28 | ¾ | 4.52 |
| Page 92. | | | | | | |
| Rich Jones | NE SW | 2 | 9 | 28 | 40 | 8.63 |
| W. H. Ferguson | Fr. NW NW | | | | 31¼ | 7.32 |
| Do | Fr. NW | ∞ | | | 145.01 | 26.90 |
| John Sanders Est. | SW SE | | | | 40 | 6.76 |
| Do | S½ SW | | | | 80 | 15.71 |
| Jno. Lipscomb | Pt. NE SE | | | | 33.97 | 7.51 |
| Do | Pt. SW NE | | | | 19.74 | 4.52 |
| John Sanders Est. | Pt. NE SE | 3 | 9 | 28 | 37¼ | 15.21 |

Much evidence was introduced responsive to other allegations contained in the complaint of the invalidity of the tax sale which need not be set out and discussed, as we have concluded that the tax sales of the lands in question were void and that on that account the State acquired no title to them which it could convey to the Planters' Bank & Trust Company. The original complaint and the amendment thereto did not specifically allege the invalidity of the tax sale on the ground of the insufficient description of the lands, but, at the conclusion of the testimony, they asked to amend their complaint in this particular. The court refused to allow the amend-

944

ment or treat the complaint as amended to conform to the proof, which was error.

On a hearing of the cause, the court rendered a judgment for the amount due on the notes and entered a decree of foreclosure in favor of appellants against the northwest quarter, northeast quarter of section 2 aforesaid and found that the tax sale was valid and quieted the title to the other lands described in said mortgages in appellee.

Appellants have 'prosecuted an appeal to this court from that part of the decree upholding the validity of the tax sale.

By reference to the list of delinquent lands set out above, it will be seen that no dittos appear opposite any of the lands listed and involved in this suit, and that there was a duplication in the assessment and sale of a part of the fractional northwest in what was supposed to be land in section 2, township 9, range 28 west. It appears that the northwest, northwest, 31 acres, was sold for a total tax of $7.32, and then that the entire fractional northwest 145.01 acres, was sold for $26.90, which was $7.32 more than the entire quarter should have been sold for. This rendered the sale of the entire quarter void.

On account of the error indicated, the decree is reversed, and the cause is remanded with directions to also enter a decree of foreclosure in favor of appellants on the southwest quarter, southwest quarter, section 35, and the northwest quarter of section 2, all in township 9 south, range 28 west, in Howard County, Arkansas.